IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| RONALD DAVID ADAMS, *et al.*, | : |
| Plaintiffs, | : |
| v. | : No. 5:20-cv-00187-MTT-CHW |
| WARDEN JERMAINE WHITE, *et al.*, | : |
| Defendants. | : |

## ORDER OF DISMISSAL

Plaintiff Ronald David Adams has filed a complaint seeking relief under 42 U.S.C. § 1983 on behalf of himself and six other prisoners in Washington State Prison in Davisboro, Georgia. Compl., ECF No. 1. Only Plaintiff Adams has filed a motion for leave to proceed *in forma pauperis* in this action. *See* Mot. for Leave to Proceed *In Forma Pauperis*, ECF No. 2.

The Prison Litigation Reform Act of 1995 (the "PLRA") requires that a prisoner bringing a civil action *in forma pauperis* be responsible for the Court's filing fee. 28 U.S.C. § 1915(b). Additionally, the Eleventh Circuit Court of Appeals has held that prisoners proceeding *in forma pauperis* are not allowed to join together as plaintiffs in a single lawsuit and pay only a single filing fee. Instead, each prisoner must file his own lawsuit and pay the full filing fee. *Hubbard v. Haley*, 262 F.3d 1194, 1198 (11th Cir. 2001) (affirming the district court's dismissal of a multi-plaintiff action under the PLRA on the ground "that each plaintiff had to file a separate complaint and pay a separate filing

fee"). As the Eleventh Circuit noted in *Hubbard*, requiring each plaintiff to pay the full filing fee is consistent with Congress's purpose of imposing costs on prisoners to deter frivolous suits. *Id.* at 1197-98.

Plaintiffs are therefore not permitted to proceed in an action together *in forma pauperis*. As it does not appear that Plaintiffs' claims would be barred by the applicable statutes of limitations if they are required to refile their claims, the complaint is **DISMISSED WITHOUT PREJUDICE** in its entirety. Each Plaintiff, including Adams, may file a <u>separate</u> complaint, in which he asserts only claims personal to him, if he chooses to do so. Each Plaintiff must also either pay the filing fee or submit a proper motion to proceed *in forma pauperis* with his individual complaint.

Further, to the extent that Plaintiff Adams seeks to bring these claims as a class action, a *pro se* plaintiff may not represent the interest of other prisoners. *See, e.g.*, *Wallace v. Smith*, 145 F. App'x 300, 302 (11th Cir. 2005) (per curiam) (citing *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (finding it "plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action")). This same principle prevents a *pro se* Plaintiff, like Plaintiff Adams, from representing some or all of the other inmates who are named as Plaintiffs in this case. *See Massimo v. Henderson*, 468 F.2d 1209, 1210 (5th Cir. 1972) (per curiam) (affirming dismissal of the portion of a prisoner's complaint that sought relief on behalf of the

prisoner's fellow inmates).[1]

Thus, for the reasons previously stated, this action is dismissed in its entirety without prejudice. Plaintiff Adams's pending motion for leave to proceed *in forma pauperis* is **DENIED AS MOOT**. Plaintiff has also filed a motion to appoint counsel, Mot. to Appoint Counsel, ECF No. 3, and a motion to amend the complaint to add another plaintiff, Mot. to Am., ECF No. 6. In light of this dismissal, these motions are also **DENIED AS MOOT**.

**SO ORDERED**, this 8th day of June, 2020.

s/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.